J-S77026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BRANDON DONALD TAYLOR | |
| Appellee | No. 626 MDA 2016 |

Appeal from the Judgment of Sentence April 14, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0003587-2015

BEFORE:  PANELLA, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 06, 2017**

Appellant, the Commonwealth of Pennsylvania (the Commonwealth), appeals from the judgment of sentence entered against Appellee, Brandon Donald Taylor, after he pled guilty to homicide by vehicle, aggravated assault by vehicle, driving a vehicle at a safe speed and recklessly endangering another person.[1]  On appeal, the Commonwealth challenges the trial court's refusal to apply the deadly weapon enhancement (DWE) to Appellee's sentence.   Upon review, we affirm Appellee's judgment of sentence.

We briefly summarize the facts and procedural history of this case as follows.  On September 22, 2014, Appellee accelerated on Delta Road in

---

[1] 75 Pa.C.S.A. §§ 3732, 3732.1, and 3361; 18 Pa.C.S.A. § 2705.

*Retired Senior Judge assigned to the Superior Court.

York County, Pennsylvania in order to pass another vehicle, despite driving in a no-pass zone. An oncoming truck, in the opposing lane, forced Appellee back into his lane of travel. Appellee struck the vehicle he was trying to pass, causing it to spin off the roadway, travel up an embankment and roll onto its roof, before striking a utility pole. The driver of the other vehicle struck by Appellee was pronounced dead at the scene, the front-seat passenger sustained severe spinal injuries, and a two-year old child, strapped in a child safety seat in the rear, was unharmed. An accident reconstruction expert estimated that Appellee was travelling at a speed of between 83 and 96 mph at the time of the collision; the posted speed limit was 45 mph. The Commonwealth charged Appellee with aggravated assault by vehicle, homicide by vehicle, two counts of recklessly endangering another person, and ten traffic violations.

On February 29, 2016, Appellee entered an open guilty plea to homicide by vehicle, aggravated assault by vehicle, driving a vehicle at a safe speed, and recklessly endangering another person. The Commonwealth agreed to withdraw the remaining charges. The trial court deferred sentencing, ordered a pre-sentence investigation report, and allowed both parties to submit legal authority regarding sentencing prior to April 1, 2016. Both parties complied and submitted memoranda of law regarding the

application of the DWE under 204 Pa.Code. § 303.10.[2]  On April 14, 2016, the trial court held a sentencing hearing wherein it concluded that the DWE

_____

[2] The DWE provides, in part:

> (1) When the court determines that the offender possessed a deadly weapon during the commission of the current conviction offense, the court shall consider the DWE/Possessed Matrix (§ 303.17(a)). An offender has possessed a deadly weapon if any of the following were on the offender's person or within his immediate physical control:
>
> > (i) Any firearm, (as defined in 42 Pa.C.S.A. § 9712) whether loaded or unloaded, or
> >
> > (ii) Any dangerous weapon (as defined in 18 Pa.C.S.A. § 913), or
> >
> > (iii) Any device, implement, or instrumentality designed as a weapon or capable of producing death or serious bodily injury where the court determines that the offender intended to use the weapon to threaten or injure another individual.
>
> (2) When the court determines that the offender used a deadly weapon during the commission of the current conviction offense, the court shall consider the DWE/Used matrix (§ 303.17(b)). An offender has used a deadly weapon if any of the following were employed by the offender in a way that threated or injured another individual:
>
> > (i) Any firearm, (as defined by 42 Pa.C.S.A. § 9712) whether loaded or unloaded,
> >
> > (ii) Any dangerous weapon (as defined in 18 Pa.C.S.A. § 913), or

*(Footnote Continued Next Page)*

enhancement was inapplicable to Appellee's sentence. The trial court sentenced Appellee to seven years of probation for aggravated assault by vehicle, with concurrent terms of incarceration of one year minus a day to two years minus two days for homicide by vehicle and six to 12 months for recklessly endangering another person, and a fine for his summary motor vehicle code violation. This timely appeal resulted.[3]

On appeal, the Commonwealth presents the following issue for our review:

I. Whether the trial court erred in failing to apply the deadly weapon enhancement at sentencing?

Commonwealth's Brief at 4 (complete capitalization omitted).

In sum, the Commonwealth argues:

The trial court misapplied the requirements of the DWE where it erroneously concluded that, because [Appellee] did not intend to use his automobile as a deadly weapon, the DWE did not apply. This is erroneous, as case and statutory [law] specifically hold that the intent to use a device as a

_(Footnote Continued)_ _____

(iii) Any device, implement, or instrumentality capable of producing death or serious bodily injury.

204 Pa. Code § 303.10(a)(1)–(2).

[3] On April 18, 2016, the Commonwealth filed a notice of appeal. On April 22, 2016, the trial court ordered the Commonwealth to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The Commonwealth complied timely on May 11, 2016. On May 12, 2016, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a), directing this Court to "pages 13-14" from the sentencing hearing for the reasons for its decision. _See_ Trial Court Opinion, 5/12/2016, at 1.

deadly weapon is not a required predicate finding for application of the deadly weapon used enhancement. Accordingly, because the trial court misapplied the law, the trial court abused its discretion in failing to apply the deadly weapon used enhancement[.]

*Id.* at 12. "We analyze the sentencing court's decision under an abuse of discretion standard." ***Commonwealth v. Smith***, 2016 WL 6962129, at *2 (Pa. Super. filed November 29, 2016).

In support of its argument, the Commonwealth relies primarily upon this Court's 2014 *en banc* decision in ***Commonwealth v. Buterbaugh***, 91 A.3d 1247 (Pa. Super. 2014) (*en banc*). Commonwealth's Brief at 3, 8, 15-18. In ***Buterbaugh***, after an alcohol-fueled altercation in a bar, Buterbaugh got behind the wheel of his truck while intoxicated and intentionally drove into a group of pedestrians and killed a man. The trial court in ***Buterbaugh*** applied the DWE to Buterbaugh's sentence since it found that he used his automobile as a weapon. An *en banc panel* of this Court affirmed that decision.

Citing ***Buterbaugh***, the Commonwealth, in ***Smith***, argued that the DWE applied to Smith who was driving drunk and distracted by a passenger when he struck and permanently injured a pedestrian. The ***Smith*** panel clarified:

> Although our decision [to affirm the application of the DWE] in ***Buterbaugh*** was not expressly premised upon [Buterbaugh's] intent concerning the use of his vehicle, [Buterbaugh's] intent in his particular use of the truck was clearly considered as part of those circumstances. In rendering our decision, we discussed the "nefarious results" necessary to change an innocent object into a deadly

- 5 -

weapon. [**Buterbaugh**,] at 1269. We concluded that failure to consider the truck a deadly weapon under the circumstances of that case "would result in the untenable position that an automobile is different than a litany of other everyday objects, which when used with a **wicked purpose**, can cause serious bodily injury or death." **Id**. (emphasis added). A person's use of an object is informed by the ends that person hopes to attain, *i.e.*, his intent with regard to the use of that object. Thus, in discussing a person's "use" of an object, his intent for that particular use is necessarily included in "surrounding circumstances."

Contrary to the Commonwealth's assertions, this Court did implicitly find that [Buterbaugh] intended to use his truck as a deadly weapon. Buterbaugh intentionally revved his engine and accelerated at maximum speed toward the victim. This action changed the character of his truck from a benign instrument to a deadly weapon since doing so evinced Buterbaugh's intention to use the truck as a weapon.

\*          \*          \*

[Whereas,] at the time of the accident, [Smith] was using his car as a mode of transportation. [Smith] was drunk and distracted at the time of the incident, thus his performance of this task was reckless. Nevertheless, he had no intention to use the automobile as a deadly weapon. In light of the surrounding circumstances, there is no indication that [Smith] actually used the car for any reason other than conveying himself and his passengers to York, even though the victim suffered permanent injuries resulting therefrom.

**Smith**, 2016 WL 6962129, at \*5.

In this case, the trial court determined:

[The DWE] is not appropriate for this particular case.

The [DWE] is to be applied when a device, implement or instrumentality designed as a weapon or capable of producing death of serious bodily injury where the [c]ourt determines that the offender intended to use the weapon to threaten or injure another individual. In this particular

- 6 -

case, it's pretty clear that the automobile is not a firearm. It is not a dangerous weapon. Certainly, it could be a device, instrument or instrumentality used to threaten or injure another individual intentionally, but [] the facts of this case don't support that [Appellee] intended to use the automobile as a weapon in order to do that, and, accordingly, since criminal statutes are to be strictly construed, [the trial court] conclude[s] again based on the facts of this case, that the [DWE] is not appropriate on any of the offenses to which [Appellee] pled.

N.T., 4/14/2016, at 13.

We discern no abuse of discretion. The use of an object is informed by the ends that person hopes to attain. *Smith*, 2016 WL 6962129, at *5. Here, similar to *Smith*, Appellee drove recklessly in attempting to pass the victims. Nevertheless, at all material times, he operated his automobile as a mode of transportation. He had no intention to use the automobile as a deadly weapon, even though one victim died and another suffered permanent injuries resulting from the accident. Thus, we conclude the DWE was inapplicable and there was no abuse of discretion in not applying it.[4]

_____

[4]    Finally, we note that Appellant's claim does not implicate the legality of sentence under the United States Supreme Court's decisions in *Alleyne v. United States*, –––U.S. ––––, 133 S.Ct. 2151, (2013) and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000). *See Buterbaugh*, 91 A.3d at 1270, n.10 ("*Alleyne* and *Apprendi* dealt with factors that either increased the mandatory minimum sentence or increased the prescribed sentencing range beyond the statutory maximum, respectively. […] If the [DWE] applies, the sentencing court is required to raise the standard guideline range; however, the court retains the discretion to sentence outside the guideline range. Therefore, neither of the situations addressed in *Alleyne* and *Apprendi* are implicated.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/6/2017